IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION ONE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 76733-0-I |
| Respondent, | ) | |
| v. | ) | |
| B.O.B., d.o.b. 06/17/02, | ) | UNPUBLISHED OPINION |
| Appellant. | ) | FILED: July 31, 2017 |

2017 JUL 31 AM 9: 24

COURT OF APPEALS DIV 1
STATE OF WASHINGTON
FILED

VERELLEN, C.J. — B.B.[1] pleaded guilty to one count of first degree rape of a child and one count of first degree child molestation. She received a special sex offender disposition alternative (SSODA) disposition. The State filed a motion to revoke, alleging B.B. failed to comply with the conditions of the SSODA.

The trial court erroneously admitted hearsay evidence at the SSODA revocation hearing. Because the trial court did not rely on the hearsay testimony in reaching its decision to revoke the SSODA, the error was harmless.

B.B. stipulated to sexual contacts which violated the conditions of the SSODA. Because RCW 13.40.162(8)(a) authorizes the trial court to revoke a SSODA if the offender violates any condition of the disposition, the trial court did not abuse its discretion.

We affirm.

---

[1] This court entered an order that the juvenile appellant will be referred to by her initials.

## FACTS

On June 10, 2015, B.B. pleaded guilty to the single count of first degree rape of a child and one count of first degree child molestation. The parties agreed to a SSODA disposition. A Thurston County Superior Court commissioner imposed a range of 15 to 36 weeks, suspended on the condition that B.B. comply with the conditions of the SSODA.

Six months later, the State moved to revoke the SSODA based on allegations that B.B. had violated the condition precluding any sexual contact. B.B. stipulated that she had had multiple sexual contacts with two siblings. Juvenile probation counselor Pete Feliciano testified at the revocation hearing that B.B.'s older sister, with whom B.B. had lived for a few weeks, believed B.B. had been the aggressor in the sexual contacts with two other siblings. The commissioner overruled B.B.'s hearsay objection, explaining, "It is a dispositional hearing. The objection is overruled, but it does go to weight, and the court will give the hearsay comment the weight that it is."[2]

The commissioner revoked the SSODA on the grounds that B.B. had violated the conditions. In response to B.B.'s argument that she had not consented to at least some of the contacts with one sister, the commissioner pointed out that there was substantial evidence of consensual sexual contacts:

> So what we are here for is a revocation, because when you did your polygraph in November, it came out that you had been having sex multiple times with both of your sisters throughout October and November. [Defense counsel] makes a huge deal *about whether you're actually a victim or a perpetrator, and there's actually testimony that that was also consensual contact. It doesn't matter. The requirement was no sex, no sexual relations.* So whether you were a victim, to me, that does matter if it was forced on you. But what I'm hearing is that it was consensual, and

---

[2] Report of Proceedings (RP) (Jan. 25, 2016) at 13-14.

this was something that you and your sisters just did, and that's not right, and that's not appropriate for a sex offender disposition alternative.

So I do have to, under those circumstances, with multiple incidents of sexual relations, have to revoke the disposition alternative.[3]

The commissioner imposed 36 weeks on each count, for a total of 72 weeks in Juvenile Rehabilitation Administration.

A superior court judge heard B.B.'s motion to revise on April 22, 2016. The court affirmed the commissioner's revocation.

B.B. appeals revocation of the SSODA.

## ANALYSIS

B.B. contends the trial court violated her due process rights by admitting inadmissible hearsay.

Hearsay is an out-of-court statement offered in evidence to prove the truth of the matter asserted.[4] The revocation of a suspended sentence is not a criminal proceeding, and the offender facing revocation has "only minimal due process rights."[5] The due process rights in this setting do not extend from the Sixth Amendment but from the due process clause of the Fourteenth Amendment.[6] These rights include the right to confront and cross-examine witnesses, unless there is good cause for not allowing confrontation.[7]

---

[3] Id. at 70-71 (emphasis added).

[4] ER 801(c).

[5] State v. Dahl, 139 Wn.2d 678, 683, 990 P.2d 396 (1999).

[6] State v. Abd-Rahmaan, 154 Wn.2d 280, 288, 111 P.3d 1157 (2005).

[7] Dahl, 139 Wn.2d at 683.

3

The State concedes the hearsay should not have been admitted, but contends the error was harmless. We agree.

"Violations of a defendant's minimal due process right to confrontation are subject to harmless error analysis."[8] Our concern in revocation proceedings is "the possibility that the trial court will rely on unverified evidence in revoking a suspended sentence."[9] The United States Supreme Court has required that finding a parole violation be "'based on verified facts and that the [court's] exercise of discretion will be informed by an accurate knowledge of the parolee's behavior.'"[10] "'Unreliable hearsay may not be the *sole basis* for revocation.'"[11]

B.B. stipulated to her violation of SSODA conditions. She argues that the trial court "gave great weight" to hearsay testimony and based its revocation on B.B. being the initiator of the sexual contacts," stating "[a]bsent the admitted statement . . . it is much more reasonable to conclude that *B.B. was the victim* of her older sister's sexual misconduct."[12]

But the trial court did not base its revocation on B.B. initiating the sexual contacts. The court explained, "[T]here's actually testimony that that was also consensual contact. . . . [It] does matter if it was forced on you. But what I'm hearing is

---

[8] Id. at 688; see State v. Powell, 126 Wn.2d 244, 267, 893 P.2d 615 (1995) ("Reversal is merited when an error, such as improperly admitted hearsay evidence, deprives the defendant of the right to confrontation, unless the error is harmless.").

[9] Dahl, 139 Wn.2d at 688.

[10] Id. (quoting Morrissey v. Brewer, 408 U.S. 471, 484, 92 S. Ct. 2593, 33 L. Ed. 2d 484 (1972)).

[11] Id. (quoting State v. Nelson, 103 Wn.2d 760, 765, 697 P.2d 579 (1985)) (emphasis added).

[12] Id. at 12-13.

that it was consensual."[13] The commissioner gave no indication that B.B. was the aggressor.

There is no showing that the trial court relied on the erroneously admitted hearsay in its decision to revoke the SSODA. We conclude the commissioner erroneously admitted the hearsay, but the error was harmless because it was not the basis for revocation.

Next, B.B. argues the trial court abused its discretion when it revoked the SSODA. "Revocation of a suspended sentence due to violations rests within the discretion of the trial court and will not be disturbed absent an abuse of discretion."[14] A court abuses its discretion if its decision is "'manifestly unreasonable or exercised on untenable grounds, or for untenable reasons.'"[15]

B.B. concedes she violated the SSODA conditions, but argues the trial court abused its discretion by failing to consider the context of the violations. Specifically, she points to the lack of monitoring, delayed State funding for treatment, and other difficult circumstances of her placement. B.B. offers no compelling authority for her proposition that the court was required to deny the motion to revoke.

RCW 13.40.162(8)(a) authorized the court to revoke the SSODA if it found B.B. failed to make satisfactory progress in treatment or if she violated any condition of the SSODA. B.B. stipulated to violating the SSODA by engaging in sexual contacts with

---

[13] RP (Jan. 25, 2016) at 70-71.

[14] State v. McCormick, 166 Wn.2d 689, 705-06, 213 P.3d 32 (2009).

[15] Id. at 706 (quoting State ex rel. Carroll v. Junker, 79 Wn.2d 12, 26, 482 P.2d 775 (1971)).

5

her sisters on multiple occasions. Regardless of the difficult circumstances, the trial court acted within its discretion when it revoked the SSODA.[16]

We conclude the trial court did not abuse its discretion.

Finally, B.B. challenges the court's findings of fact 14 and 15, but does not provide any argument in her brief. "A party that offers no argument in its opening brief on a claimed assignment of error waives the assignment."[17]

Affirmed.

WE CONCUR:

---

[16] We also note that Washington courts have recognized a court may revoke a SSODA or SSOSA even if a defendant's violations are not willful. See State v. T.E.C., 122 Wn. App. 9, 30-31, 92 P.3d 263 (2004) ("The trial court was entitled to grant T.C. a SSODA on the condition that a suitable placement be found within a reasonable amount of time. Finally, the trial court did not abuse its discretion when it revoked T.C.'s SSODA when it determined that a suitable placement, a condition for the SSODA, had not been found."); McCormick, 166 Wn.2d at 706 (holding the state and federal due process clauses do not require the State to prove the defendant willfully violated the condition of his suspended sentence because the strong governmental interest in protecting the public outweighs the defendant's diminished interest.); State v. Miller, 180 Wn. App. 413, 424, 325 P.3d 230 (2014) ("Because Miller was not receiving sexual deviancy treatment for which he had to pay and there were no adequate alternative measures, the trial court did not abuse its discretion when it revoked Miller's SSOSA.").

[17] Brown v. Vail, 169 Wn.2d 318, 336 n.11, 237 P.3d 263 (2010); RAP 10.3(4), (6).